United States District Court
Southern District of Texas
**ENTERED**
May 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.            § | CRIMINAL NO.: 4:10CR00444-001 |
| § | |
| WILLIAM SOLOMAN LEWIS § | |
| Defendant      § | |

## ORDER

On or about March 15, 2022, the United States Probation Office was served a subpoena by William Soloman Lewis ("Lewis") in The State of Texas vs. William Soloman Lewis, 185th District Court, Harris County, Texas, Criminal Case No. 1729391, requesting production of the United States Probation Office's file and records pertaining to any psychological evaluations created and submitted as a condition of supervised release. Lewis has a federal detainer and is pending a revocation hearing to address supervised release violations alleged in a petition dated November 6, 2019.

The subpoena commanded the United States Probation Office to produce documents for inspection and copying on May 23, 2022, at 8:45 a.m. The Director of the Administrative Office of the United States Courts, pursuant to authority granted under 28 U.S.C. § 604, has created a comprehensive method governing testimony of judicial personnel and the production of judiciary records in legal proceedings, Guide to Judiciary Policy, Vol. 20, Chapter 8 ("Guide"). The Guide states that any request for testimony or production of records from the judicial personnel (include the Probation Office) must include a written statement containing the nature of the testimony and records sought, the relevance of the desired testimony and records, the reasons why the testimony and records are

sought, and an explanation of why the testimony and records are not readily available by other means. *Id.* Failure to include such information authorizes denial of the request. *Id.*

Lewis has failed to provide a compelling or particularized need for the information sought. The subpoena is completely devoid of any mention of how the documents requested are either relevant or necessary. Further, Lewis requests the judiciary provide documents from the probation supervision file that are readily available from another source. The request for documents relating to psychological evaluations can be requested from the treatment provider under the Health Insurance Portability and Accountability Act (HIPAA).

After reviewing the subpoena, the United States Probation Office, pursuant to authority expressly granted it by the Administrative Office of the United States Court, has determined the subpoena should be denied as it has failed to meet the standards required by the Guide.

The Court supports the decision not to comply with the subpoena. It is therefore, ORDERED that the subpoena issued upon the United States Probation Office is QUASHED. The United States Probation Office shall not comply with the requests made in the subpoena.

SIGNED at Houston, Texas, \_\_\_\_May 13\_\_\_\_, 2022.

Andrew S. Hanen
United States District Judge