```
 1              UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF TEXAS
                         - - -
 3       THE HONORABLE ANDREW S. HANEN, JUDGE PRESIDING
   ---------------------------------------------------------
 4  UNITED STATES OF AMERICA,      )  No. 4:10-cr-00444
                                   )
 5             Plaintiff,          )
                                   )
 6  vs.                            )
                                   )
 7  WILLIAM SOLOMON LEWIS,         )
                                   )
 8             Defendant.          )
                                   )
 9
   ---------------------------------------------------------
10        SENTENCING HEARING ON SUPERVISED RELEASE

11     OFFICIAL COURT REPORTER'S CERTIFIED TRANSCRIPT

12                    Houston, Texas

13                  September 22, 2022

14
   ---------------------------------------------------------
15  APPEARANCES:

16    For the Plaintiff:    Craig Feazel, Esq.

17

18    For the Defendant:    William Solomon Lewis, Pro Se
                            Philip Gallagher, Esq.
19                          (Stand-by counsel )

20
    Reported By:   Nichole Forrest, RDR, CRR, CRC
21                 Certified Realtime Reporter
                   United States District Court
22                 Southern District of Texas

23
    Proceedings recorded by mechanical stenography.
24  Transcript produced by Reporter on computer.

25
```

2

**PROCEEDINGS**

---

(The following proceedings held in open court.)

\* \* \*

THE COURT: 10-cr-444, United States versus William Solomon Lewis.

MR. FEAZEL: Craig Feazel for the United States.

THE COURT: Mr. Lewis is appearing pro se. Phil Gallagher as standby counsel.

(Defendant sworn.)

THE COURT: Mr. Lewis, you've been accused of violating the terms of your supervised release in Docket Number 10-cr-444, a case out of Judge Atlas's court.

And you've been accused of violating the terms of your supervised release by committing the offense, the stated offense of retaliation in violation of the Texas Penal Code.

How do you plead to that allegation? Is it true or not true?

THE DEFENDANT: I plead true to the fact that I was convicted of that.

THE COURT: Okay. All right. In that case, what's government's position?

1         MR. FEAZEL: The government's position is
2  that the defendant's supervised release should be
3  revoked based upon that conviction. The jury
4  convicted him of that, and we believe that a guideline
5  sentence of 22 months is appropriate in this case,
6  Your Honor.
7         THE COURT: All right. Mr. Lewis, what is
8  your position with the fact that you violated the
9  terms of your supervised release?
10        THE DEFENDANT: Okay. Initially, I was
11  given 110-months sentence by Judge Atlas on this case.
12  And there were a couple issues that I had with the
13  sentence that I was given that I want to make you
14  aware of.
15        I filed a 2255 that is currently on the
16  certificate of availability pending in the Fifth
17  Circuit Court of Appeals claiming that counsel was
18  ineffective for that -- for some of the things that --
19  some of the guideline calculations that were made at
20  that sentencing.
21        One of the things that substantially
22  increased that sentence was acquitted conduct that was
23  used to enhance my base level offense.
24        Today, this is unconstitutional practice
25  and is no longer permitted thanks to the prohibiting

1  punishment of Acquitted Conduct Act of 2019.
2  　　　　　And with some other sentence particulars
3  that I've provided in a motion that I've prepared for
4  you, Your Honor -- I only have one copy of it.  There
5  is multiple exhibits.
6  　　　　　I know that if you would indulge me by
7  taking a look at it -- I'm not asking you to readdress
8  the calculations.  I just wanted you to be aware of
9  some of the injustices that happened to me, and if you
10 could take that and take it into consideration.
11 　　　　　THE COURT:  Rhonda, would you --
12 　　　　　MR. GALLAGHER:  I'll hand it up.
13 　　　　　THE DEFENDANT:  With that sentencing area
14 cited in that motion deal with criminal history.  That
15 is one of the factors that you use here for, I guess,
16 assessing my punishment on a violation of supervised
17 release.
18 　　　　　And I was in a category VI.  This would
19 have dropped me down from 13 points to 10 points and
20 that would put me in a category V.  And with the base
21 level increase due to the acquitted conduct that had
22 been considered, this would have reduced me by four
23 points as well, and I would have otherwise been in a
24 guideline range at time of sentencing to 77 to 96
25 months.  And this costed me over another year of

1  imprisonment.
2              I guess the motion itself -- the motion
3  speaks for itself.  I didn't have a copy for the
4  prosecutor.
5              THE COURT:  I'll make him a copy.
6              THE DEFENDANT:  Okay.
7              THE COURT:  Mr. Gallagher, I know you're
8  not acting as attorney for Mr. Lewis.  But is there
9  anything you would like to add on his behalf?
10             MR. GALLAGHER:  No.  Whatever the Court
11 decides, I would request that the Court direct the
12 preparation of the judgment as quickly as possible.
13 Because I think the calculation -- I think there is a
14 reason to think that calculation of his sentence by
15 BOP should be done expeditiously because he's already
16 served significant time in custody.  It's up to them
17 to credit it.
18             I think there will need a judgment from
19 you to do that.  So it would be appropriate to make
20 sure that happens quickly, Your Honor.
21             THE COURT:  Okay.  And is Mr. Lewis --
22 and, Mr. Lewis, maybe you can answer this.  If you
23 can't, maybe Mr. Gallagher can.  Are you currently in
24 state custody?
25             THE DEFENDANT:  No, sir.  I was in state

1  custody.  I was in Harris County jail for a little
2  over three years, and I bonded out on that case.
3  Because I got a sentence of less than ten years, in
4  the state of Texas you can get -- I'm on appeal in
5  that case.  You can qualify for an appeal bond.  I was
6  set an appeal bond.  I posted that appeal bond.
7              Then the U.S. marshals came and picked me
8  up for the detainer of the supervised release
9  violation from the conviction -- from the charge
10 itself.
11             MR. GALLAGHER:  Again, just to make this
12 all very clear, I checked the docket sheet.  That is
13 all correct.  He's on appeal bond.  He is not in state
14 custody.  He's in only federal custody at the moment.
15             THE DEFENDANT:  And the other -- may I add
16 something else, Your Honor?
17             THE COURT:  Go ahead.
18             THE DEFENDANT:  I understand you're
19 reading.
20             I had waived all of my presentencing
21 custody on that case.  And that adds up to -- I guess
22 the statutory maximum for a grade B violation is two
23 years.  And with good time credit, I think that would
24 qualify me to go out the door with the recommendation
25 today.

1    THE COURT: If you will hang on, we'll
2 make copies for counsel. Make one Mr. Lewis can keep,
3 too.
4    All right. The Court hereby revokes the
5 term of supervised release in 10-cr-444 and sentences
6 the defendant, William Solomon Lewis, to 12 months and
7 one day in the custody of the Bureau of Prisons. This
8 is a non-guideline sentence based on the history and
9 characteristics of the defendant.
10    Mr. Lewis, I'm going to make -- Rhonda is
11 making you a copy of your pleading and making one for
12 the government. And so you'll have a copy. We'll
13 file a copy. And so it will be on file.
14    I don't know exactly how much time you'll
15 have to spend in jail because the Judges are never
16 asked to compute time. In fact, we're specifically
17 forbidden from doing that.
18    But having given you 12 months and a day,
19 which is about half what the guideline is, you will
20 qualify for good time while you're in custody.
21    All right. Thank you, sir.
22    THE DEFENDANT: One more question -- I
23 have a question, Your Honor.
24    THE COURT: Go ahead.
25    THE DEFENDANT: Is there going to be

8

1  supervised release after I'm released from jail or is
2  that end --
3             THE COURT: No. No reimposition of
4  supervised release.
5             MR. LEWIS: Thank you, Your Honor.
6             THE COURT: Glad you asked that actually.
7
8                    (Court adjourned.)
9
10                  C E R T I F I C A T E
11
12
13
14  I hereby certify that pursuant to Title 28, Section
15  753 United States Code, the foregoing is a true and
16  correct transcript of the stenographically reported
17  proceedings in the above matter.
18
19                         Certified on January 23, 2023.
20
21
22         /s/ Nichole Forrest_____
       Nichole Forrest, RDR, CRR, CRC
23
24
25